## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| **KIANNA MILLER, Mother and Next Friend** of T.H. and S.B.<br>3142 Del Park Terrace<br>Louisville, Kentucky 40211<br><br>**VS.**<br><br>**JEFFERSON COUNTY BOARD OF EDUCATION D/B/A JEFFERSON COUNTY PUBLIC SCHOOLS**<br>SERVE: Any Board Member<br>VanHoose Education Center<br>3332 Newburg Road<br>Louisville, Kentucky 40218<br><br>**DR. MARTIN POLLIO, SUPERINTENDENT**<br>VanHoose Education Center<br>3332 Newburg Road<br>Louisville, Kentucky 40218<br><br>**BARBARA DEMPSEY,**<br>**DIRECTOR OF PUPIL PERSONNEL**<br>VanHoose Education Center<br>3332 Newburg Road<br>Louisville, Kentucky 40218<br><br>**MICHAEL KELLY, PRINCIPAL**<br>Crosby Middle School<br>303 Gatehouse Lane<br>Louisville, Kentucky 40243<br><br>**JEFFREY MARSHALL,**<br>**ASSISTANT PRINCIPAL**<br>Crosby Middle School<br>303 Gatehouse Lane<br>Louisville, Kentucky 40243 | **PLAINTIFFS**<br><br>3:19-cv-38-GNS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**DEFENDANTS** |

* * * * * * * * * * * *

## COMPLAINT

Comes now the Plaintiffs, KIANNA MILLER, Mother and Next Friend of T.H. and S.B, in person and by counsel, and for their cause of action herein, state as follows:

## JURISDICTION

1. That jurisdiction herein is based upon 42 USC Sections 1983, 1988; Title VI of the Civil Rights Act of 1964, 42 USC § 2000d (*see Meredith v. Jefferson County Public Schools*, 551 U.S. 701, 127 S.Ct. 2738; *see, also Parents Involved in Community Schools v. Seattle School District Number 1*, 551 U.S. 701, 127 S. Ct. 2738, 168 L. Ed. 2d 508 (2007)), and the Fourteenth Amendment to the Constitution of the United States of America.

2. That the Plaintiffs, at all times relevant hereto, were students at Crosby Middle School of the Jefferson County Public School system and/or Jefferson County Board of Education (hereinafter referred to jointly as J.C.B.O.E.).

3. That the Defendants, Jefferson County Public Schools and/or Jefferson County Board of Education, are state entities and the other Defendants are employed by J.C.B.O.E. and therefore State Actors. They are sued as State Actors and also, in their individual capacities, as stated above.

4. That the other Defendants are administrators, including but not limited to: Principal, and Assistant Principals.

5. Defendant, Barbara Dempsey is Director of Pupil Personnel referred to as the Director of the Student Assignment Plan. She has placed minor Plaintiffs on this bus to take them to Crosby. Both students are African American, and they are bussed because they are African American students.

6. That Dr. Martin Pollio is the superintendent of the Jefferson County Public Schools.

7. That all and/or some of the Defendants are by law directed to enforce compulsory attendance laws found in Kentucky Revised Statutes 159.010. Plaintiffs similarly must abide by KRS 159.010, must send the students under their control to a school assigned to them by J.C.B.O.E. and/or face criminal penalties including jail for truancy.

8. That Defendants, Dempsey and the J.C.B.O.E have passed, enacted and utilize a student assignment plan wherein they control where these students must attend school; same being Crosby Middle School. Once you are there, student transfers are seldom allowed. The student assignment plan is no more than forced bussing. That in doing do, Defendants violate the 14th Amendment of the United States Constitution, and the opinion and order of the Supreme Court of the United States that specifically applies to Defendant, J.C.B.O.E., *Meredith v Jefferson County Public Schools*, 551 U.S. 701, 127 S.Ct. 2738. See also: *Parents Involved in Community Schools v. Seattle School District Number 1*, 551 U.S. 701, 127 S. Ct. 2738, 168 L. Ed. 2d 508 (2007).

9. That Plaintiffs have reason to believe that the student assignment plan enacted and now utilized by the Defendants is violative of *Meredith v. Jefferson County Public Schools*, 551 U.S. 701, 127 S.Ct. 2738 (2007), in that, African-American students are assigned to Crosby Middle School solely because of their race, and specifically the minor Plaintiffs, herein.

10. That the Defendants have an affirmative duty to enforce KRS 158.148, and KRS 158.150. The legislative directives to be carried out by the Defendants is to ensure that no bullying "…disrupts the educational process…" KRS 158.148(1)(b),       "…ensure safe schools…" KRS 158.148 (2) (a), "… The Code [of conduct] shall contain the type of behavior expected from each student, the consequence of failure to obey the

standards, and the importance of the standards to the maintenance of a "…*safe learning environment*…" KRS 158.148(5)(d). *See also:* KRS 158.110. The Defendants breached their duty to enforce these provisions on mandated transportation to Crosby Middle School, creating an environment in the school and on the transportation provided to the minor Plaintiffs, which borders on anarchy. The Plaintiffs' pleas for help fell on deaf ears, subjecting the Plaintiffs to the special danger that the Defendants created and allow to continue, wherein the Plaintiff(s) had no alternative for their health and safety to transfer to a safe seat on the mandatory transportation furnished by Defendants, where S.B. could avoid bullying and assaultive behavior. Or, being assigned a seat next to a bully is acceptable to the Defendants.

## FACTS

11. Plaintiff, Kianna Miller, as Mother and Next Friend of T.H., whose date of birth is XX/XX/2005, and S.B., whose date of birth is XX/XX/2007, brings this action on behalf of T.H. and S.B. who were subjected to the following:

    a. Constant bullying, verbal and physical harassment, and assaultive behavior solely based on the seat the Defendants assigned to S.B.; T.H. was also on the JCPS bus to protect S.B.

    b. That Minor Plaintiff asked to be moved from his assigned seat to stop being assaulted and harassed both verbally and physically.

    c. That all requests were denied.

12. That at all times herein, the Defendants have an affirmative duty to maintain a safe learning environment at Crosby and on the JCPS transportation provided to Crosby; and protect S.B. from harm, assault, and an unsafe environment. *See*: KRS 158.110(4).

13. That, in spite of consistent if not daily requests to protect S.B. from the tragedy of bullying occurring to S.B., the Defendants did nothing.

14. That on or about October 29, 2018 after being assaulted and bullied again, S.B. moved to another seat that provided S.B. with a safe environment; free from harm.

15. That on or about October 30, 2018, Defendant, Marshall, an assistant principal, verbally, suspended minor Plaintiff S.B. from the bus for two (2) days beginning October 30, 2018.

16. That, in effectuating the foregoing, was no due process provided to the minor Plaintiffs. Defendants were aware that this was a "no transportation household." The assigned bus ride is one of the longest within the student assignment plan usual in excess of one (1) hour, each way. Without the order of the Student Assignment Plan, S.B. and T.H. would have walked to their neighborhood school which was less than *ten* (10) minutes away.

### NEGLIGENCE, NEGLIGENT SUPERVISION, DEPRIVATION OF CIVIL RIGHTS, 42 USC § 1983, AND TITLE VI OF THE CIVIL RIGHTS, ACT OF 1964, 42 USC § 2000d

17. That the Defendants had an affirmative duty to exercise ordinary and reasonable care for the safety of R.S., and T.H.; and, further that Defendants had an affirmative duty to S.B. and T.H. to take all reasonable steps to prevent foreseeable harm to said students, mandatorily placed under their supervision and care. Defendants breached this duty, and in doing so, created and sanctioned a special danger to S.B. which was a substantial factor that resulted in the injuries and requested damages cited above and hereinafter.

18. That prior to receiving written notice from Defendant, Marshall, the next day, October 31, 2018, minor Plaintiffs headed out to school because they were not suspended from school. The only transportation available since they were not allowed to go on the school bus was public transportation—Transit Authority of River City (TARC).

19. That as they walked across the street, to catch the TARC, they were hit by a motor vehicle. It was incredibly early and dark for them to catch the TARC and make it to school in a timely manner. In order to comply with mandatory attendance laws, KRS 158.110, minor Plaintiff, S.B. received devastating injuries including but not limited to a traumatic brain injury. S.B. may never be the same. T.H. received a broken femur in the motor vehicle collision.

20. That the conduct and reckless indifference of the Defendants was the direct cause, proximate cause and a substantial factor in causing S.B. and T.H. to be deprived of their civil rights to a safe learning environment and of each's constitutional rights pursuant to the 14th Amendment, in violation of Title VI of the Civil Rights Act of 1964, 42 USC § 2000d because of each minor Plaintiff's race, *to wit*, the desire of the Defendants to have two (2) more African American children bussed across town because of their race, and in causing their injuries; and, as a result, Plaintiffs are entitled to recover from said Defendants for the following damages, including but not limited to:

    a. Medical expenses,

    b. Pain and suffering, mental anguish,

    c. Psychiatric and therapeutic expense, and

    d. Severe and drastic physical injuries presumed to be permanent.

21.     That Defendants knowingly kicked S.B. off his only means of transportation to Crosby without due process and without the slightest concern of his safety, forcing him to take TARC to obey the law, resulting the horrific motor vehicle collision which was the proximate cause of his injuries.

22.     That Defendants violated Title VI of the Civil Rights Act of 1964, 42 USC 2000d, *et seq.*, by receiving Federal money but failing to notify the Department of Education and/or the appropriate Federal Disbursement Agency.

23.     No student assignment plan, no forced bussing, no injuries? Solely because S.B. changed his assigned seat so he wouldn't be bullied? That Defendants are strictly liable for their continued non-compliance with *Meredith v. JCPS, supra.*

**WHEREFORE**, Plaintiffs, KIANNA MILLER, as Mother and Next Friend of S.B. and T.H., demand judgment against the Defendants, Jefferson County Board of Education d/b/a Jefferson County Public Schools, Dr. Martin Pollio, Michael Kelly, Principal, Jeffrey Marshall, Assistant Principal, Barbara Dempsey, Director of Pupil Personnel; jointly and severally liable, as follows:

A.      A finding of deprivation of the minor Plaintiffs' civil rights pursuant 42 USC § 1983, 1988, *et seq.*; Title VI of the Civil Rights Act of 1964; the Fourteenth Amendment to the Constitution of the United States of America, and all applicable constitutional provisions of the Constitution of the Commonwealth of Kentucky, KRS 158.110, and any and all other appropriate statutory law; and, negligence; and negligence *per se*.

B. Compensatory damages both actual, incidental, punitive and/or exemplary where allowed by law, divisible to the individual Plaintiffs, in a sum not to exceed $20,000,000;

C. Attorney's fees where allowed by law;

D. All court costs herein expended;

E. That an Order be entered that students that are a "no-transportation household" be allowed to attend the school closest to their home, or not be denied transportation of some kind; and,

F. Any and all other relief to which the Plaintiffs may appear entitled.

Respectfully submitted,

*/s/ T.J. Smith (with permission)*
T.J. SMITH
T.J. SMITH, LLC
600 West Main Street, Suite 200
Louisville, Kentucky 40202
(502) 589-2560 (office)
(502) 540-1200 (facsimile)
Makeempay.tj@gmail.com

*/s/ Peter J. Jannace*
TEDDY B. GORDON
ANDREW E. MIZE
PETER JANNACE
ATTORNEYS AT LAW
807 West Market Street
Louisville, Kentucky 40202
(502) 585-3534 (office)
(502) 585-3539 (facsimile)
Tbearaty@AOL.com
MizeEsq@Gmail.com

**Counsel for Plaintiff**